**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108944

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHARA E CANNIZZO,<br><br>Plaintiff,<br><br>vs.<br><br>CCB CREDIT SERVICES, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

SHARA E CANNIZZO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CCB Credit Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Illinois.

4.  Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

1

5. At all relevant times, Defendant conducted business within Illinois.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Springfield, Illinois.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

## FIRST COUNT
## Violation of 15 U.S.C. § 1692f
### Disclosure of Plaintiff's File Number

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

20. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

21. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

22. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number on the envelope. *Id.*

23. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number by making such visible through any glassine window of the envelope. *Id.*

24. Defendant assigned Plaintiff file number XXR238.

25. Defendant disclosed Plaintiff's file number in its mailing to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

26. Defendant has violated § 1692f by disclosing Plaintiff's file number in its mailing to Plaintiff.

## JURY DEMAND

27. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

    $1,000.00; and

 b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

 c. Plaintiff's actual damages; and

 d. Plaintiff's costs; together with

 e. Such other relief that the Court determines is just and proper.

DATED: May 17, 2015

        **BARSHAY SANDERS, PLLC**

        By: _/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 108944